UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

GERALD BRUCE

    Plaintiff,

v.

VIRPAX PHARMACEUTICALS, INC.,

    a Delaware Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, GERALD BRUCE, by and through her undersigned counsel hereby files this Complaint with a Demand for Jury Trial and sues Defendant, VIRPAX PHARMACEUTICALS, INC., and states and alleges as follows:

## JURISDICTION

1. This is an action for breach of contract against the Defendant, VIRPAX PHARMACEUTICALS, for damages in excess of $75,000.

2. This Court has jurisdiction over this matter pursuant 28 U.S.C. § 1332, as this claim involves a dispute between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of attorney's fees and costs.

## PARTIES

3. At all times material hereto, Plaintiff, GERALD BRUCE (hereinafter "BRUCE" or "Plaintiff"), was a resident of Sarasota County, Florida and living within the jurisdictional limits of the Court when the acts complained of occurred.

4. At all times material hereto, the Defendant, VIRPAX PHARMACEUTICALS, INC. (hereinafter referred to as "VIRPAX" or "Defendant") was a for profit corporation, organized and existing under the laws of the state of Delaware, with its principal place of business in Pennsylvania, and operating its business from the state of Florida.

5. At all times material hereto, the Plaintiff, was a member of the board of directors for the Defendant, was employed as the Chief Executive Officer ("CEO") for the Defendant and was permitted to work remotely, and did in fact work remotely, from his home located in Sarasota county, Florida.

6. At all times material hereto, any wages that were paid to Plaintiff were paid to him in the state of Florida.

7. At all times material hereto, at least two additional members of the board of directors of and for the Defendant, resided in the state of Florida.

8. At all times material hereto, Defendant engaged in systematic and continuous business operations from the state of Florida even though it has never registered to do business in the state of Florida.

## VENUE

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) as the acts giving rise to a cause of action were committed in this district and/or the damages occurred in this district.

## FACTUAL ALLEGATIONS

10. On or about December 6, 2023, Plaintiff and Defendant entered into an Employment Agreement whereby Defendant agreed to employ Plaintiff to serve as CEO for the Defendant. A copy of the Employment Agreement is attached hereto as Exhibit A.

11. Pursuant to section 3A of the Employment Agreement, Plaintiff and Defendant agreed that Plaintiff would be compensated as follows:

> **Base Salary.** During the term of the Executive's employment under this Agreement, the Executive shall be paid an ***annual salary at the rate of Five Hundred Thousand ($500,000) (the "Base Salary"),*** payable in accordance with the Company's payroll practices and policies in effect from time to time and subject to applicable withholding of income taxes, social security taxes and other such other payroll deductions as are required by law or applicable employee benefit programs. The Board shall review the Executive's Base Salary for annual increases, commencing with the Base Salary for the 2024 calendar year. **(emphasis added).**

12. Plaintiff's compensation could only be changed by the expressed written consent by both parties as evidenced by the Employment Agreement, which states in relevant part:

> **8. Full Agreement.** This Agreement (including the Exhibits hereto) and the Executive Confidentiality Agreement, constitute the entire agreement of the parties concerning its subject matter and supersedes all other oral or written understandings, discussions, and agreements, *and may be modified only in a writing signed by both parties;* provided that neither this Agreement nor the Executive Confidentiality Agreement shall not supersede any prior confidentiality, nondisclosure or invention assignment agreements executed by the Executive in favor of the Company. The parties acknowledge that they have read and fully understand the contents of this Agreement and execute it after having an opportunity to consult with legal counsel.
>
> **9. Amendments.** *Any amendment to this Agreement shall be made in writing and signed by the parties hereto.*
> (emphasis added).

13. In August 2024, Defendant through its Board of Directors requested that Plaintiff agree to defer his compensation, and Plaintiff refused.

14. Thereafter, on or about August 27, 2024, Defendant announced a fifty percent (50%) salary reduction for all employees, including Plaintiff's salary. On August 28th, 2004, Defendant implemented this salary reduction.

15. At no time did Plaintiff agree verbally or in writing to take a reduction in pay and at no time did the parties amend the Employment Agreement.

16. On or about September 3, 2024, Plaintiff, through his legal counsel, notified Defendant of his objection to the payroll reduction, placed Defendant on

notice that Defendant was in breach of the employment agreement, and demanded that his compensation be reinstated. A copy of the demand letter is attached hereto as Exhibit B.

17. Pursuant to the terms of the Employment Agreement, Defendant was provided with thirty (30) days' notice to cure the default and to reinstate Plaintiff to his full salary.

18. Thereafter, Defendant failed to cure the breach of the Employment Agreement and failed to reinstate Plaintiff to his full compensation.

19. As a direct, natural and proximate cause of Defendant's failure to cure its breach of the Employment Agreement, Plaintiff was forced to invoke the "Termination by the Executive for Good Reason" provision of the Employment Agreement and resign his employment effective October 5, 2024. A copy of the resignation letter is attached as Exhibit C.

20. Pursuant to Exhibit A of the Employment Agreement entitled "Certain Definitions," there were 3 different and mutually exclusive events which could constitute "Good Reason" for Plaintiff to resign his employment, triggering an entitlement to severance. According to the Agreement:

> "Good Reason" for the Executive to resign from the employ of the Company will exist upon the occurrence of any of the following events, subject to compliance with the other provisions of Section 4(e):
>
> ***(a) a reduction in the Base Salary, as then in effect;***

(b) a material reduction of the Executive's authority, position, responsibilities or duties unless such reduction is part of a Company-wide reduction in compensation and/or benefits for all of its senior executives, and except that, following a Change of Control, a reduction in authority, position, responsibilities or duties solely by virtue of the Company being acquired and becoming part of a larger entity or operated as a subsidiary or division of a larger company shall not constitute Good Reason; or

*(c) the Company's material breach of this Agreement;*

(Emphasis added).

21. Plaintiff's Employment Agreement states, in relevant part:

**4"(e) Termination by the Executive for Good Reason.** *The Executive may terminate his employment with the Company for Good Reason immediately upon providing written notice of such termination to the Company. If the Executive shall terminate the Executive's employment with the Company for Good Reason, the Executive shall be entitled to receive the same payments and benefits on the same terms and conditions as would be applicable upon a termination of the Executive's employment by the Company as provided in Section 4(d) and subject to the satisfaction of the other provisions of such Section 4(d) and this Section 4(e).* If the Executive's employment with the Company is terminated by the Executive for Good Reason pursuant to this Section 4(e), the Company shall not have any further obligation or liability under this Agreement except for the payments specified in clauses (i) and (ii) and vesting and exercise of options in clauses (iii) and (iv) of Section 4(d) and payment of the Accrued Obligations. *The Executive may not terminate his employment with the Company for Good Reason pursuant to this Section 4(e), and shall not be considered to have done so for any purpose of this Agreement, unless (I) the Executive, within 60 days after the initial existence of the act or failure to act by the Company that constitutes "Good Reason" within the meaning of this Agreement, provides the Company with written notice that describes, in particular detail, the act or failure to act that the Executive believes to constitute "Good Reason" and identifies the particular clause of this Section 4(e) that*

*the Executive contends is applicable to such act or failure to act; (II) the Company, within 30 days after its receipt of such notice, fails or refuses to rescind such act or remedy such failure to act so as to eliminate "Good Reason" for the termination by the Executive of the Executive's employment relationship with the Company; and (III) the Executive actually resigns from the employ of the Company on or before that date that is 12 calendar months after the initial existence of the act or failure to act by the Company that constitutes "Good Reason.* (emphasis added).

22. Based upon the Good Reason termination provision and exhibits attached to the Employment Agreement, Plaintiff was entitled to be paid severance at his "Base Salary" rate of $500,000, plus medical benefits, for a period of one year as provided for under section 4(d) of the Agreement.

23. However, Defendant failed to comply with the severance requirements and breached the Employee Agreement a second time.

24. As a direct and proximate result of Defendant's breach of the Employment Agreement, Plaintiff has been damaged and will continue to be damaged.

25. As a further direct, natural and proximate result of Defendant's breach of the Employment Agreement and failure to pay wages, Plaintiff has been forced to retain the undersigned law firm and has become obligated to pay its reasonable attorney's fees and costs.

26. All conditions precedent to bringing this action have been excused or met.

## COUNT I – BREACH OF CONTRACT
**(Failure to Pay Wages)**

27. Plaintiff restates and reasserts the allegations contained in paragraphs one (1) through eighteen (18) as if more fully set forth herein.

28. Plaintiff and Defendant executed a written Employment Agreement, whereby Defendant offered to pay Plaintiff a base salary of $500,000 per year and Plaintiff agreed to accept a base salary of $500,000 per year.

29. Defendant breached that Employment Agreement on August 28, 2024, when it unilaterally decided to reduce Plaintiff's salary by fifty percent (50%) without obtaining the expressed written consent of Plaintiff as required by the contract/Employment Agreement.

30. Defendant's unilateral decision to reduce Plaintiff's salary in breach of the Employment Agreement resulted in an underpayment of wages to Plaintiff in the approximately amount of $24,038.46 over a period of five (5) weeks.

31. As of this date, at least $24,038.46 remains due and owing to Plaintiff.

32. Defendant's failure to pay the proper wage amount owed to Plaintiff was also a violation of Delaware Code Title 19. <u>Labor</u>, entitling Plaintiff to his reasonable attorney's fees under Delaware Code § 1113.

33. In the alternative, Defendant's failure to pay the proper wages owed to Plaintiff is a violation of Chapter 448, Florida Statutes, and Plaintiff is entitled to his reasonable attorneys' fees pursuant to Florida Stat. §448.08.

WHEREFORE, Plaintiff, GERALD BRUCE, demands judgment against Defendant, VIRPAX PHARMACEUTICALS, INC, for damages stemming from its breach of contract, including all past due severance payments, future severance payments, prejudgment interest, attorney's fees and costs, and such other further and additional relief as this Court deems just, necessary, reasonable and proper.

## COUNT II – BREACH OF CONTRACT
**(Failure to Pay Severance)**

34. Plaintiff restates and reasserts the allegations contained in paragraphs one (1) through twenty (26) as if more fully set forth herein.

35. Plaintiff resigned from his employment with Defendant on October 3, 2024, due to "Good Reason" as a result of Defendant's failure to pay his contractually agreed upon base salary of $500,000.00.

36. Pursuant to the Employment Agreement, Plaintiff's "Good Reason" resignation entitled him to receive twelve months of severance at his Base Salary rate plus medical benefits.

37. Despite the foregoing, Defendant breached the Employment Agreement by failing to pay severance owed.

38. As a direct and proximate result of Defendant's breach, Plaintiff has suffered approximately $166,666.67 in back wages/severance from the date of resignation, and he will continue to suffer damages in excess of $166,666.67 and up to $500,000 in total, for each month that Defendant fails to pay the severance owed.

39. As a further direct and proximate result of the Defendant's actions or inactions, Plaintiff has retained the undersigned counsel to represent him in this matter and has become obligated to pay a reasonable attorney's fees for representation in this matter.

40. Defendant's failure to pay the proper wage amount owed to Plaintiff was also a violation of Delaware Code Title 19. Labor entitling Plaintiff to his reasonable attorney's fees under Delaware Code § 1113.

41. In the alternative, Defendant's failure to pay the proper wages owed to Plaintiff is a violation of Chapter 448, Florida Statutes, and Plaintiff is entitled to his reasonable attorneys' fees pursuant to Florida Stat. §448.08.

WHEREFORE, Plaintiff, GERALD BRUCE, demands judgment against Defendant, VIRPAX PHARMACEUTICALS, INC, for damages stemming from its breach of contract, including all past due severance payments, future severance payments, prejudgment interest, attorney's fees and costs, and such other further and additional relief as this Court deems just, necessary, reasonable and proper.

BRUCE v. VIRPAX PHARMACEUTICALS, INC.,
COMPLAINT (CONTINUED)

## DEMAND FOR JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated February 12, 2025.

                                        Respectfully submitted,

                                            /s/ Barbra A. Stern
                                      Barbra A. Stern, Esquire
                                      Fla. Bar No. 526576
                                      Law Offices of Barbra Stern PA
                                      808 E. Las Olas Blvd. Suite 102
                                      Fort Lauderdale, FL 33301
                                      Phone: (954) 743-4710
                                      Direct Dial (954) 239-7249
                                      barbra@sternlawoffice.com
                                      **ATTORNEY(S) FOR PLAINTIFF**